JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
        E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-04199 SVW (FMOx)<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT BLUTEKUSA.COM, INC.'S COMPLIANCE WITH DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANI S. GARIBYAN IN SUPPORT THEREOF; REQUEST FOR SANCTIONS FOR THE AMOUNT OF $2,370.00 AGAINST DEFENDANTS AND ITS COUNSEL OF RECORD BRYAN MASHIAN, ESQ.** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Date: _____, 2012
Time: _____ a.m.
Courtroom:  F – 9th Floor

## TO THE DEFENDANT AND TO THE COURT:

PLEASE TAKE NOTICE THAT on _____, _____, 2012, at _____ a.m., this matter may be heard in Courtroom F of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff OTTER PRODUCTS, LLC will present its motion to compel Defendant BLUTEKUSA.COM, INC.'s compliance with discovery that has been served in this matter and not been responded to.  This motion is made pursuant to *Federal Rules of Civil Procedure* (*F.R.C.P.*) 37 and *Local Rule* (*L.R.*) 37, following Plaintiff's numerous attempts to meet and confer with Defendant who failed to respond to these attempts.

This motion is based upon this Notice of Motion and Motion to Compel Compliance with Discovery, the attached Memorandum of Points and Authorities with request for monetary sanctions in the amount of $2,370.00, the Declaration of Ani S. Garibyan, Esq. filed concurrently herewith in lieu of a Joint Stipulation pursuant to *L.R.* 37-2.4(a), and the papers and records on file herein, and upon such oral and documentary evidence as may be presented at the hearing of this matter.

DATED: November 8, 2012                JOHNSON & PHAM, LLP


By: _____
Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# TABLE OF CONTENTS

Page

I.   INTRODUCTORY STATEMENT.........................................................3

II.  FACTUAL BACKGROUND…........................................................3

III. PLAINTIFF'S INTERRROGATORIES, REQUESTS FOR ADMISSIONS,
     AND REQUESTS FOR PRODUCTION OF DOCUMENTS.........................6

     A.  DEFENDANT HAS WAIVED ALL OBJECTIONS DUE TO ITS
         FAILURE TO PROVIDE RESPONSES AND OBJECTIONS TO
         PLAINTIFF'S DISCOVERY REQUESTS......................................6

         1.  DEFENDANT HAS WAIVED ALL OBJECTIONS TO PLAINTIFF'S
             REQUEST FOR PRODUCTION OF DOCUMENTS DUE TO ITS NON-
             RESPONSIVENESS .................................................6

         2.  DEFENDANT HAS WAIVED ALL OBJECTIONS TO PLAINTIFF'S
             INTERROGATORIES DUE TO ITS NON-RESPONSIVENESS ............8

     B.  DEFENDANT HAS ADMITTED, IN ITS ENTIRETY, ALL OF
         PLAINTIFF'S REQUEST FOR ADMISSIONS DUE TO ITS FAILURE
         TO PROVIDE RESPONSES..................................................9

IV.  SANCTIONS ARE WARRANTED AGAINST DEFENDANT AS IT HAS NOT COOPERATED
     IN THE DISCOVERY PROCESS WHATSOEVER ...................................10

V.   CONCLUSION ........................................................... 12

i

1

2

## TABLE OF AUTHORITIES

3

Page(s)

**FEDERAL CASES**

4

5

*Blankenship v. Hearst Corp.,*
   519 F.2d 418 (9th Cir. 1975)................................................................8, 10

6

7

*Craig v. Far West Engineering Co.,*
   265 F.2d 251 (9th Cir.).....................................................................10

8

9

*David v. Hooker, Ltd.,*
   560 F.2d 412 (1977)........................................................................11

10

11

*Davis v. Fendler,*
   650 F.2d 1154 (9th Cir. 1981).............................................................6

12

13

*Hilao v. Estate of Marcos,*
   103 F.3d 762 (9th Cir. 1996)..............................................................7

14

*Moon v. SCP Pool Corp.,*
   232 F.R.D. 633 (C.D.Cal.2005)...........................................................6

15

16

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.,*
   135 F.R.D. 101 (D.N.J.1990)........................................................6, 8, 10

17

18

*Oakes v. Halvorsen Marine Ltd.,*
   179 F.R.D. 281 (C.D.Cal.1998)...........................................................6

19

20

*Residential Funding Corp. v. DeGeorge Fin'l Corp.,*
   306 F.3d 99 (2nd Cir. 2002)...............................................................7

21

22

*Richmark Corp. v. Timber Falling Consultants,*
   959 F.2d 1468 (9th Cir. 1992).........................................................6, 7, 8

23

24

*U.S. ex rel. O'Connell v. Chapman University,*
   245 F.R.D. 646 (2007).....................................................................11

25

26

*Uniguard Security Ins. Co. v. Lakwork Eng. Mfg. Corp.,*
   982 F.2d 363 (9th Cir. 1992)..............................................................11

27

28

*Von Brimer v. Whirlpool Corp.,*
   536 F.2d 838 (9th Cir. 1976)..............................................................10

i

## OTHER CASES

*Ziehlke v. City of Angels Camp,*
  2009 WL 2424696 (2009) .................................................................................. 11

### FEDERAL STATUTES

15 U.S.C. § 1114/Lanham ...................................................................................... 4

15 *U.S.C.* § 1125(a) ............................................................................................... 4

15 *U.S.C.* § 1125(c) ............................................................................................... 4

### OTHER STATUTES

*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200 ............................ 4

### RULES

F.R.C.P. 36(a)(3) ............................................................................................... 9, 10

F.R.C.P. 37(d) ........................................................................................................ 7

F.R.C.P. Rule 26(b)(1) ........................................................................................... 6

F.R.C.P. Rule 37(d)(1)(A)(ii) .............................................................................. 11

F.R.C.P. Rule 37(d)(3) ......................................................................................... 11

*L.R.* 37-2.4(a) ........................................................................................................ 2

Rule 26(b)(1) .......................................................................................................... 6

Rule 33 .............................................................................................................. 8, 10

Rule 34 .............................................................................................................. 7, 10

Rule 37 ................................................................................................................. 11

Rule 37(b) ...................................................................................................... 10, 11

Rule 37(b)(2)(A)(i)-(iv) ....................................................................................... 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") has provided Defendant BLUTEKUSA.COM, INC. ("Defendant") numerous notices and extensions to comply with and provide Defendant's responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents, Sets One, to no avail.

Defendant's responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents, Sets One, were due no later than September 17, 2012. Plaintiff courteously extended this due date **three times** to October 1, 2012, October 5, 2012, and then again to October 9, 2012, in hopes of receiving Defendant's responses. Plaintiff's professional courtesy was met with unfulfilled promises of disclosure, and ultimately no disclosure by Defendant.

Accordingly, Plaintiff respectfully requests this Court to intervene and compel Defendant's cooperation without objection. Plaintiff requests for Defendant to provide responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents, Sets One, all of which without objection.

### II.

### FACTUAL BACKGROUND

Plaintiff, founded in 1998, is a retailer of and distributor of high-quality protective cases, peripherals and accessories for portable electronic devices and computers. Plaintiff develops and manufactures protective carrying cases including but not limited to the following products such as the Apple iPhone®, Apple iPad®, and Apple iPod Touch®; Smartphones including Blackberry®, HTC®, Nokia®, Samsung®, LG® and Motorola® models; Personal Computer Laptops including

Dell®; Tablet Cases for the Amazon Kindle®, eReader®, Palm® Cases, and Sony® Cases. Plaintiff is the exclusive owner of federally-registered and common Law trademarks. Plaintiff owns the following United States Trademark Registrations for its "OTTERBOX" and "DEFENDER SERIES" marks: U.S. Reg. Nos. 2287619; 3791318; 3788535; 3788534; 3865367; and 3623789.   *See* Complaint ("Compl."), Exhibits ("Ex.") "A" – "F".   Defendant BLUTEKUSA.COM, INC. ("Defendant") is a New York Corporation.   *See* Declaration of Ani S. Garibyan ("Garibyan Decl."), ¶2.

On May 14, 2012, Plaintiff filed its Complaint against Defendant asserting the following claims and causes of action:   FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. §1114/Lanham Act § 43(a)]; FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)]; TRADEMARK DILUTION [15 *U.S.C.* §1125(c)]; UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; UNJUST ENRICHMENT; and DECLARTORY RELIEF.   On May 24, 2012, Defendant was served with a Summons and Complaint at the address of 1111 44th Drive, Long Island City, New York 11101-5107. *See* Garibyan Decl., ¶3.

On July 2, 2012, Defendant filed its Answer. Defendant has failed to comply with the *FRCP*, and failed to participate in this litigation including its failure to respond to written discovery. *See* Garibyan Decl., ¶4.

On August 15, 2012, Plaintiff served Defendant with Interrogatories, Requests for Admissions, and Requests for Production of Documents.  To date, Defendant has not responded to the Interrogatories, Requests for Admissions, or Requests for Production of Documents. *See* Garibyan Decl., ¶5 and Ex. "A," "B," and "C," thereto.

On September 26, 2012, Plaintiff's counsel prepared and forwarded a letter to Defendant's counsel via e-mail and U.S. Mail seeking to engage in the requisite pre-filing conference under *Local Rule* (*L.R.*) 37-1 prior to the filing of the instant

1   motion. As set forth in the letter, Plaintiff's counsel attempted to arrange for an in-
2   person conference and gave counsel for Defendant three dates of availability, to
3   discuss Defendant's failure to respond to Special Interrogatories, Requests for
4   Admissions, and Requests for Production of Documents or to serve any documents
5   responsive thereto. Moreover, Plaintiff gave Defendant an extension to provide its
6   responses by October 1, 2012. *See* Garibyan Decl., ¶7 and Ex. "D," thereto.
7   Counsel for Plaintiff also stated the October 1, 2012, extension for Defendant's
8   responses in an e-mail to counsel for Defendant on September 27, 2012. *See*
9   Garibyan Decl., ¶8 and Ex. "E," thereto.

10       On October 1, 2012, not surprisingly, Defendant failed to provide responses
11   to Plaintiff's written discovery. Plaintiff's counsel *again* reached out to Defendant
12   via e-mail and gave Defendant an extension to provide substantive responses to
13   Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production
14   of Documents until October 9, 2012. *See* Garibyan Decl., ¶9 and Ex. "F," thereto.
15   Additionally, during a telephone conference on or about October 15, 2012, counsel
16   for Defendant indicated that Defendant will not be providing any responses to
17   Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production
18   of Documents, because he found them to be unnecessary, as Plaintiff had served
19   subpoenas onto third parties eBay, Inc. and PayPal, Inc. *See* Garibyan Decl., ¶10.
20   Finally, after no responses received from Defendant, on November 6, 2012,
21   counsel for Plaintiff sent an e-mail to Defendant's counsel again notifying him of
22   Plaintiff's intention to file the instant motion. *See* Garibyan Decl. ¶11 and Ex. "G,"
23   thereto.

24       Defendant failed to respond to the pre-filing conference arranged by
25   Plaintiff's counsel, failed to respond to Plaintiff's Special Interrogatories, Requests
26   for Admissions, and Requests for Production of Documents or to produce
27   documents responsive thereto. This motion follows. *See* Garibyan Decl., ¶12.
28   / / /

# III.

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### A. DEFENDANT HAS WAIVED ALL OBJECTIONS DUE TO ITS FAILURE TO PROVIDE RESPONSES AND OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant has not timely responded to Plaintiff's Interrogatories, Requests for Admissions and Requests for Production of Documents; therefore Defendant has waived all objections thereto.

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party…" F.R.C.P. Rule 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998)).

It is well established that a failure to object to discovery request within the time required *constitutes a waiver of any objection.* [emphasis added] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); See also *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.,* 135 F.R.D. 101, 104 (D.N.J.1990).

### 1. Defendant Has Waived All Objections to Plaintiff's Request for Production of Documents Due to its Non-Responsiveness

Most critical in Plaintiff's right to discover probative evidence and seek and obtain redress for the violations of Plaintiff's intellectual property rights. Defendant has not provided to Plaintiff any discovery responses to Plaintiff's

1   Requests for Production of Documents, Set One.

2          Failure to respond to a Rule 34 discovery request within the time permitted

3   waives al objections thereto including claims of privilege and work-product.

4   *Richmark*, 959 F.2d at 1473 (9th Cir. 1992). Further, failure to provide objections

5   of any kind in response to the document request is grounds for any of the court

6   imposed authorized sanctions under the Rules including dismissal or default.

7   F.R.C.P. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65 (9th Cir. 1996).

8   The Court may also provide an adverse inference instruction to the jury based on a

9   party's failure to comply. *Residential Funding Corp. v. DeGeorge Fin'l Corp.*, 306

10  F.3d 99, 107 (2nd Cir. 2002).

11         Plaintiff propounded its Request for Production of Documents on August 15,

12  2012, to which Defendant's responses were due by September 17, 2012. *See*

13  Garibyan Decl., ¶5, Ex. "C", thereto. As Defendant did not provide responses to

14  Plaintiff's Request for Production of Documents, on September 26, 2012,

15  Plaintiff's counsel prepared and forwarded a letter to Defendant's counsel via e-

16  mail and U.S. Mail seeking to engage in the requisite pre-filing conference under

17  *Local Rule (L.R.)* 37-1 prior to the filing of the instant motion. As set forth in the

18  letter, Plaintiff's counsel attempted to arrange for an in-person conference of

19  counsel prior to filing the instant motion. Moreover, Plaintiff gave Defendant an

20  extension to provide its responses by October 1, 2012. *See* Garibyan Decl., ¶7 and

21  Ex. "D," thereto. Counsel for Plaintiff also stated the October 1, 2012, extension

22  for Defendant's responses in an e-mail to counsel for Defendant on September 27,

23  2012. *See* Garibyan Decl., ¶8 and Ex. "E," thereto.

24         By the end of business on October 1, 2012, Plaintiff did not receive the

25  discovery responses as promised. In a good faith effort, and in order to avoid

26  judicial intervention, Plaintiff's counsel *again* reached out to Defendant and

27  granted Defendant *another* extension to provide substantive responses to Plaintiff's

28  discovery until October 9, 2012. *See* Garibyan Decl., ¶9 and Ex. "F," thereto. To

date, Plaintiff has not received any responses and/or responsive documents from Defendant. As Defendant has completely ignored Plaintiff's requests, as well as Plaintiff's courtesy extensions to respond, Defendant has shown its lack of respect for the discovery process, and Plaintiff's reliance on Defendant's expression that it will cooperate and respond accordingly. Hence, Defendant must be ordered to immediately produce or make available for inspection all responsive documents without objection.

### 2. **Defendant Has Waived All Objections to Plaintiff's Interrogatories Due to its Non-Responsiveness**

Defendant has not provided to Plaintiff any discovery responses to Plaintiff's Interrogatories, Set One; therefore, Defendant has waived any and all objections thereto. Failure to respond to a Rule 33 discovery request within the time permitted waives all objections thereto including claims of privilege and work-product. *Richmark*, 959 F.2d at 1473 (9th Cir. 1992). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J. 1990).

Plaintiff propounded its Interrogatories, Set One, to Defendant on August 15, 2012, to which Defendant's responses were due by September 17, 2012. *See* Garibyan Decl., ¶5, Ex. "A", thereto. As Plaintiff did not receive Defendant's responses, following *three* extensions, Plaintiff sent a letter and separate e-mail correspondence to Defendants on September 26, 2012, requesting responses no later than October 1, 2012. *See* Garibyan Decl., ¶7 and Ex. "D," thereto. Counsel for Plaintiff also stated the October 1, 2012, extension for Defendant's responses in an e-mail to counsel for Defendant on September 27, 2012. *See* Garibyan Decl., ¶8 and Ex. "E," thereto. This letter also advised Defendant that Plaintiff will seek redress through a motion to compel and seek sanctions for its continued non-

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY**

compliance. On October 1, 2012, not surprisingly, Defendant failed to provide responses to Plaintiff's written discovery. Plaintiff's counsel *again* reached out to Defendant and gave Defendant an extension to provide substantive responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents until October 9, 2012. *See* Garibyan Decl., ¶9 and Ex. "F," thereto. Additionally, during a telephone conference on or about October 15, 2012, counsel for Defendant indicated that Defendant will not be providing any responses to Plaintiff's discovery, because he found them to be unnecessary, as Plaintiff had served subpoenas onto third parties eBay, Inc. and PayPal, Inc. *See* Garibyan Decl., ¶10. Finally, after no responses received from Defendant, on November 6, 2012, counsel for Plaintiff sent an e-mail to Defendant's counsel again notifying him of Plaintiff's intention to file the instant motion. *See* Garibyan Decl. ¶11 and Ex. "G," thereto.

As Defendant has completely ignored Plaintiff's requests, as well as Plaintiff's courtesy extensions to respond, Defendant has shown its lack of respect for the discovery process, and Plaintiff's reliance on Defendant's expression that it will cooperate and respond accordingly. Hence, Defendant must be ordered to immediately respond to Plaintiff's Interrogatories without objection.

## B. DEFENDANT HAS ADMITTED, IN ITS ENTIRETY, ALL OF PLAINTIFF'S REQUEST FOR ADMISSIONS DUE TO ITS FAILURE TO PROVIDE RESPONSES

Defendant's lack of response to Plaintiff's Requests for Admissions deems the entirety of Plaintiff's Requests for Admissions admitted by Defendant. In accordance with F.R.C.P. 36(a)(3), governing Requests for Admissions mandates that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." The party who resists discovery has the burden to show discovery should not be allowed, and

1  has the burden of clarifying, explaining, and supporting its objections. *Blankenship*
2  *v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975); *Nestle Foods Corp. v. Aetna*
3  *Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J. 1990).

4         As mentioned above, Plaintiff propounded its Requests for Admissions, Set
5  One, to Defendant on August 15, 2012, to which Defendant's responses were due
6  by September 17, 2012. *See* Garibyan Decl., ¶5, Ex. "C", thereto. As Plaintiff did
7  not receive Defendant's responses, following *three* extensions, Plaintiff sent a
8  letter and separate e-mail correspondence to Defendants on September 26, 2012,
9  deeming all of the Requests for Admissions, admitted by Defendant per F.R.C.P.
10  36(a)(3). *See* Garibyan Decl., ¶7 and Ex. "D," thereto.

11         As Defendant has completely ignored Plaintiff's requests, as well as
12  Plaintiff's numerous courtesy extensions to respond, Defendant has shown its lack
13  of respect for the discovery process, and Plaintiff's reliance on Defendant's
14  expression that it will cooperate and respond accordingly. Hence, due to
15  Defendant's lack of response, and in accordance with Federal Rules, the requisite
16  Requests for Admissions served on Defendants are deemed admitted in their
17  entirety.

18                                    **IV.**

19  **SANCTIONS ARE WARRANTED AGAINST DEFENDANT AS IT HAS**
20  **NOT COOPERATED IN THE DISCOVERY PROCESS WHATSOEVER**

21         Defendant and its counsel have conducted themselves unprofessionally and
22  with utter and complete disregard for the discovery process.

23         As this court has stated, "(b)y the very nature of its language, sanctions
24  imposed under Rule 37(b) must be left to the sound distraction of the trial judge."
25  *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir. 1976); see also *Craig v.*
26  *Far West Engineering Co.,* 265 F.2d 251, 260 (9th Cir.). The court on motion may
27  order sanctions "[i]f a party, after being properly served with interrogatories under
28  Rule 33 or a request for inspection under Rule 34, fails to serve its answers,

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY**

1 | objections or written response." F.R.C.P. Rule 37(d)(1)(A)(ii); *Ziehlke v. City of*
2 | *Angels Camp,* 2009 WL 2424696, *3 (2009).

3 | Rule 37(b) provides that an attorney advising a disobedient party as well as
4 | the party may be ordered to pay expenses and attorney's fees...." *David v. Hooker,*
5 | *Ltd.,* 560 F.2d 412, 420 (1977). "Sanctions may include any of the orders listed in
6 | Rule 37(b)(2)(A)(i)-(iv). Instead and in addition to these sanctions, the court must
7 | require the party failing to act, the attorney advising that party, or both to pay the
8 | reasonable expense, including attorney's fees, caused by the failure, unless the
9 | failure was substantially justified or other circumstances make an award of
10 | expenses unjust." F.R.C.P. Rule 37(d)(3).

11 | Even without a prior discovery order, discovery misconduct may be
12 | punished under the Court's "inherent powers" to manage its affairs. *Uniguard*
13 | *Security Ins. Co. v. Lakwork Eng. Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992).
14 | Pursuant to Rule 37, a party prevailing on its motion to compel can be granted
15 | "reasonable" attorney's fees and costs for efforts towards the meet and confer
16 | process, and the moving papers on its motion. *U.S. ex rel. O'Connell v. Chapman*
17 | *University*, 245 F.R.D. 646, 651 (2007).

18 | Here, Defendant's actions clearly mandate sanctions. Plaintiff has
19 | gone out of its way to accommodate Defendant's lack of cooperation in the
20 | discovery process. Plaintiff has provided numerous extensions for Defendant to
21 | comply. Specifically, Plaintiff three extensions subsequent to the due date for such
22 | responses, October 1, October 5, and October 9, 2012, all of which were in vain.
23 | *See* Garibyan Decl., ¶¶7-11 and Exs. "D - F" thereto. Even after agreeing to
24 | accommodate Defendant with such extensions, Defendant's counsel indicated that
25 | Defendant would not be providing discovery responses at all. *See* Garibyan Decl.,
26 | ¶10.

27 | Accordingly, Plaintiff has exhausted its efforts in seeking Defendant's
28 | cooperation and is left with no other alternative than to request this Court's

1   intervention to compel Defendant's cooperation in the discovery process. Plaintiff

2   also requests an award of sanctions in the amount of $2,370.00 against Defendant

3   and its counsel of record, Bryan Mashian, for the effort and time Plaintiff has

4   applied to the meet and confer process, as well as bringing this motion and the

5   hearing thereto. *See* Garibyan Decl., ¶13.

6                                                    **V.**

7                                          **CONCLUSION**

8           For the foregoing reasons, Plaintiff respectively requests that the Court enter

9   an Order compelling Defendant to respond to Plaintiff's Special Interrogatories,

10  Requests for Admissions and Requests for Production of Documents, without

11  objection, and to produce responsive documentation within five (5) days of the

12  Court's Order.  Plaintiff also requests sanctions against Defendant and its counsel

13  of record, Bryan Mashian, in the amount of $2,370.00 or whatever amount the

14  Court deems appropriate for the efforts Plaintiff has applied in promoting

15  discovery and in preparing this motion, and the hearing thereof.

16

17  DATED:  November 8, 2012                    JOHNSON & PHAM, LLP

18

19

20                                              By:
                                                Christopher Q. Pham, Esq.
21                                              Ani S. Garibyan, Esq.
                                                Attorneys for Plaintiff
22                                              OTTER PRODUCTS, LLC

23

24

25

26

27

28

## DECLARATION OF ANI S. GARIBYAN

I, ANI S. GARIBYAN, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California and am an associate at the law firm of Johnson & Pham, LLP, counsel of record for Plaintiff OTTER PRODUCTS, LLC (hereinafter "Plaintiff"). The following is within my personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2.    Upon investigation into this matter, I have determined that Defendant BLUTEKUSA.COM, INC. (hereinafter "Defendant") is a New York Corporation with its principal place of business located at 1111 44th Drive, Long Island City, New York 11101-5107.

3.    On May 14, 2012, Plaintiff filed its Complaint against Defendant asserting the following claims and causes of action:  FEDERAL TRADEMARK INFRINGEMENT  [15  U.S.C.  §1114/Lanham  Act  §  43(a)];  FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)]; TRADEMARK DILUTION [15  *U.S.C.*  §1125(c)];  UNFAIR  BUSINESS  PRACTICES  [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; UNJUST ENRICHMENT; and DECLARATORY RELIEF.  On May 24, 2012, Defendant was served with a Summons and Complaint at the address of 1111 44th Drive, Long Island City, New York 11101-5107 as evidenced by the Proof of Service filed with the Court on June 5, 2012 (Document #7).

4.    On July 2, 2012, Defendant filed its Answer.  Since filing its Answer, Defendant has failed to comply with the *FRCP* or participate in this litigation.

5.    On August 15, 2012, Plaintiff served Defendant with Interrogatories, Requests for Admissions and Requests for Production of Documents.  Copies of Plaintiff's Interrogatories, Request for Admissions and Requests for Production of Documents, Sets One, are attached hereto as Exhibits "A," "B," and "C," respectively.  To date, Defendant has not responded to the Interrogatories,

- 1 -

1    Requests for Admissions or Requests for Production of Documents.

2        7.    On September 26, 2012, I prepared and forwarded a letter to

3    Defendant's counsel via e-mail and U.S. Mail seeking to engage in the requisite

4    pre-filing conference under *Local Rule* (*L.R.*) 37-1 prior to the filing of the instant

5    motion.    As set forth in the letter, I attempted to arrange for an in–person

6    conference on three available dates to discuss Defendant's failure to respond to

7    Special Interrogatories, Request for Admissions and Requests for Production of

8    Documents or to produce documentation responsive thereto.    A true and correct

9    copy of this letter is attached hereto as Exhibit "D."

10        8.    On September 27, 2012, counsel for Plaintiff sent an e-mail to counsel

11    for Defendants reiterating the October 1, 2012, extended deadline for Defendant's

12    discovery responses. A true and correct copy of this e-mail is attached hereto as

13    Exhibit "E."

14        9.    On October 1, 2012, Plaintiff's counsel sent another e-mail to

15    Defendant's counsel granting an extension up to and including October 9, 2012,

16    for Defendant to provide complete and substantive responses to Plaintiff's

17    discovery. A true and correct copy of this e-mail is attached hereto as Exhibit "F."

18        10.    On or about October 15, 2012, I engaged in a telephonic conference of

19    counsel with Defendant's counsel, Bryan Mashian. During this conversation, Mr.

20    Mashian indicate that Defendant will not be providing any responses to Plaintiff's

21    Interrogatories, Requests for Admissions, and Requests for Production fo

22    Documents, because he found them to be unnecessary, as Plaintiff had served

23    subpoenas on third parties eBay, Inc. and PayPal, Inc.

24        11.    On November 6, 2012, after no responses from Defendant, my office

25    prepared and sent an e-mail to Defendant's counsel notifying him of Plaintiff's

26    intention to file the instant motion. A true and correct copy of this e-mail is

27    attached hereto as Exhibit "G."

28        12.    Defendant failed to respond to my correspondence, failed to respond

1 | to Plaintiff's Interrogatories, Request for Admissions, and Requests for Production
2 | of Documents.  This motion follows.

3 |     13.    Plaintiff's efforts at promoting discovery with Defendant are as
4 | follows and at a rate of $300.00 per hour:

5 |         a) Plaintiffs has expended 2.1 total hours drafting letters and
6 |            conducting telephone conversations in the meet and confer process
7 |            with Defendant as it relates to Plaintiff's Interrogatories, Requests
8 |            for Admissions, and Requests for Production of Documents.
9 |         b) Plaintiff has expended 4.8 total hours preparing this motion and
10 |            compiling the exhibits thereto.
11 |         c) Plaintiff anticipates spending 1 total hour for hearing on this
12 |            motion.
13 |         d) Plaintiff anticipates the total hours spent related to this motion is
14 |            7.9 total hours equaling a total sum of $2,370.00 in sanctions
15 |            requested.

16 |     I declare under penalty of perjury under the laws of the State of California
17 | that the foregoing is true and correct.  Executed this 6th day of November 2012, at
18 | Woodland Hills, California.

_____

Ani S. Garibyan, Esq.

DECLARATION OF ANI S. GARIBYAN

# Exhibit A

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
        E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>                Plaintiff,<br><br>        v.<br><br>BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive,<br><br>                Defendants. | Case No.: CV12-04199 SVW (FMOx)<br><br>**PLAINTIFF OTTER PRODUCTS, LLC'S INTERROGATORIES TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)** |

PROPOUNDING PARTY:        Plaintiff Otter Products, LLC

RESPONDING PARTY:        Defendant Blutekusa.com, Inc.

SET NO.:                        One (1)

DEMAND IS HEREBY MADE, pursuant to Rule 33 of *Federal Rules of Civil Procedure*, that Defendant BLUTEKUSA.COM, INC. ("Defendant") answer and verify under oath, the following Interrogatories within thirty (30) days of the date of the service hereof.

In answering these interrogatories, Defendant must furnish all information which is available to it, or within its knowledge, as well as its attorneys, agents, employees, representatives, investigators, or experts.

If any of these interrogatories cannot be answered in full, Defendant is required, to the fullest extent possible, to specify the reason for its inability to answer the remainder and state whatever information or knowledge it has concerning the unanswered portion.

## DEFINITIONS

WORDS in these interrogatories are defined as follows:

A.     The term "COMPLAINT" shall refer to the Complaint for damages filed by Plaintiff OTTER PRODUCTS, LLC in this action.

B.     The term "PERSON" or "PERSONS" shall include individuals, sole proprietorships, corporations, partnerships, associations, estates, companies, trusts, and unincorporated organizations.

C.     The term "YOU," "YOUR" or "YOURS" shall refer to Defendant BLUTEKUSA.COM, INC. as well as any of Defendant's assigns, affiliates, divisions, predecessors, successors, associations or associates, partners, attorneys, agents, representatives, and any other PERSON or entity acting or purporting to act on Defendant's behalf.

D.     The term "INTELLECTUAL PROPERTY" shall refer to Plaintiff's United States Trademark Registrations for the OTTERBOX® related marks, including but not limited to, U.S. Reg. Trademark Nos. 2287619; 3791318; 3788535; 3788534; 3788567; 3623789; 4079672; 3963182; 3791317; 3795187; 4111433; 3972039; 4064940; 3632231; 4053182; 4101071; and 4116998, as well

1  as numerous pending trademarks.

2       E.    The term "PRODUCT" or "PRODUCTS" shall refer to any and all

3  form fit protective carrying cases for electronic devices, including but not limited

4  to, portable electronic listening devices and music players, namely, mp3 players,

5  and for portable computers, global positioning systems (GPS devices), mobile and

6  cellular telephones, portable media players, and personal digital assistants.

7       F.    The term "IDENTIFY," when used in reference to a "DOCUMENT,"

8  shall mean to state the following:

9       1.    The subject of the DOCUMENT;

10       2.    The title of the DOCUMENT;

11       3.    The type of DOCUMENT (*e.g.*, letter, memorandum, report,

12  chart, certificate, etc.);

13       4.    The date of the DOCUMENT, or, if the specific date thereof is

14  unknown, the month or year, or other best approximation of

15  such date;

16       5.    The identity of the PERSON or PERSONS who wrote,

17  contributed to, prepared, or originated the DOCUMENT; and

18       6.    The present or last known location and custodian of the

19  DOCUMENT.

20       G.    When used in reference to a PERSON, "IDENTIFY" means to

21  provide that PERSON's most current and complete name, telephone number, and

22  street address, including city, state, country, and zip code, and relationship to

23  YOU.

24       H.    The term "DOCUMENT" or "DOCUMENTS" means, without

25  limitation, all forms of writing and/or recordings as defined in Rule 34 of *Federal*

26  *Rules of Civil Procedure*, and Rule 1001 of *Federal Rules of Evidence*, including,

27  but not limited to, any tangible thing of which there is any writing or recording,

28  consisting of any form of communications or representations, including letters,

1   words, pictures, numbers, sounds, symbols, or their equivalent, or any combination
2   thereof, set down by handwriting, typewriting, printing, Photostatting,
3   photographing, magnetic or electrical impulse, mechanical or electronic recording,
4   or any other form of data compilation or recording.  This also includes, but is not
5   limited to, every original, duplicate or copy, non-identical duplicate or copy, and
6   every preliminary, intermediate, and final draft of each DOCUMENT that is in the
7   actual or constructive possession, custody, or control of Defendant.  In the event
8   that there are multiple or identical duplicates or copies of a DOCUMENT, only
9   one needs to be produced, unless all duplicates or copies of the DOCUMENT are
10  specifically required to be produced.  Any duplicate of a DOCUMENT is non-
11  identical if it has any handwriting or other notations, seals or stamps, or changes,
12  of any kind, which is not contained on or in the original DOCUMENT.

13      Undefined terms of words used in these interrogatories shall be described in
14  the ordinary meaning as found in the most current edition in Webster's New World
15  Dictionary.

16                          **INTERROGATORIES**

17  **INTERROGATORY NO. 1:**

18      IDENTIFY all Internet websites which YOU have utilized to sell
19  PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

20  **INTERROGATORY NO. 2:**

21      IDENTIFY all online marketplaces which YOU have utilized to sell
22  PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

23  **INTERROGATORY NO. 3:**

24      IDENTIFY all online marketplace seller IDs which YOU have utilized to
25  sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

26  **INTERROGATORY NO. 4:**

27      IDENTIFY all storefronts which YOU have utilized to sell PRODUCTS
28  bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 5:**

IDENTIFY any other venues which YOU have utilized to sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 6:**

IDENTIFY all DOCUMENTS in your possession, custody, or control that reflect the Internet websites, online marketplaces, storefronts, or any other venues which YOU have utilized to sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS with knowledge of the Internet websites, online marketplaces, storefronts, or any other venues which YOU have utilized to sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 8:**

IDENTIFY the total number of PRODUCTS that YOU have sold bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 9:**

IDENTIFY the date in which you first sold any PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 10:**

IDENTIFY the date in which you last sold any PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 11:**

IDENTIFY the total number of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY presently in YOUR possession, custody, or control.

**INTERROGATORY NO. 12:**

IDENTIFY the total gross receipts realized, in dollars, which YOU have gained from the sale of PRODUCTS bearing Plaintiff's INTELLECTUAL

1  PROPERTY.

2  **INTERROGATORY NO. 13:**

3    IDENTIFY the total net profits realized, in dollars, which YOU have gained

4  from the sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

5  **INTERROGATORY NO. 14:**

6    IDENTIFY any and all costs which YOU have incurred, in dollars, in

7  furtherance of the sale of PRODUCTS bearing Plaintiff's INTELLECTUAL

8  PROPERTY.

9  **INTERROGATORY NO. 15:**

10    IDENTIFY all PERSONS to whom you have sold a PRODUCT bearing

11  Plaintiff's INTELLECTUAL PROPERTY.

12  **INTERROGATORY NO. 16:**

13    IDENTIFY all DOCUMENTS in your possession, custody, or control that

14  reflect the gross receipts which YOU have gained from the sale of PRODUCTS

15  bearing Plaintiff's INTELLECTUAL PROPERTY.

16  **INTERROGATORY NO. 17:**

17    IDENTIFY all DOCUMENTS in your possession, custody, or control that

18  reflect the net profits which YOU have gained from the sale of PRODUCTS

19  bearing Plaintiff's INTELLECTUAL PROPERTY.

20  **INTERROGATORY NO. 18:**

21    IDENTIFY all PERSONS with knowledge of YOUR gross receipts and net

22  profits realized from the sale of PRODUCTS bearing Plaintiff's INTELLECTUAL

23  PROPERTY.

24  **INTERROGATORY NO. 19:**

25    IDENTIFY any and all sources from which YOU have acquired

26  PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

27  / / /

28  / / /

**INTERROGATORY NO. 20:**

IDENTIFY the total number of PRODUCTS that YOU have purchased bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 21:**

IDENTIFY the date in which you first purchased any PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 22:**

IDENTIFY the date in which you last purchased any PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 23:**

IDENTIFY the total cost of goods, in dollars, which YOU have incurred to acquire PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 24:**

IDENTIFY all DOCUMENTS in your possession, custody, or control that reflect the cost of goods which YOU have incurred to acquire PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**INTERROGATORY NO. 25:**

IDENTIFY all PERSONS with knowledge of YOUR cost of goods incurred to acquire PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

DATED: August 15, 2012                    JOHNSON & PHAM, LLP


By: _____
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
OTTER PRODUCTS, LLC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On August 15, 2012, I served the within document(s):

### PLAINTIFF OTTER PRODUCTS, LLC'S INTERROGATORIES TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

Bryan Mashian, Esq.
Law Offices of Bryan Mashian
A Professional Corporation
11726 San Vicente Boulevard, Suite 290
Los Angeles. California 90049

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 15, 2012, at Woodland Hills, California.

_____
Edit Avakian

# Exhibit B

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
        E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-04199 SVW (FMOx)<br><br>**PLAINTIFF OTTER PRODUCTS, LLC'S REQUESTS FOR ADMISSION TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)** |

PROPOUNDING PARTY:        Plaintiff Otter Products, LLC

RESPONDING PARTY:        Defendant Blutekusa.com, Inc.

SET NO.:                One (1)

1      DEMAND IS HEREBY MADE, pursuant to Rule 36 of *Federal Rules of*

2  *Civil Procedure*, that Defendant BLUTEKUSA.COM, INC. answer the following

3  Requests for Admission within thirty (30) days of the date of the service hereof.

4                **DEFINITIONS**

5      WORDS in these interrogatories are defined as follows:

6      A.    The term "COMPLAINT" shall refer to the Complaint for damages

7  filed by Plaintiff OTTER PRODUCTS, LLC in this action.

8      B.    The term "PERSON" or "PERSONS" shall include individuals, sole

9  proprietorships, corporations, partnerships, associations, estates, companies, trusts,

10  and unincorporated organizations.

11      C.    The term "YOU," "YOUR" or "YOURS" shall refer to Defendant

12  BLUTEKUSA.COM, INC. as well as any of Defendant's assigns, affiliates,

13  divisions, predecessors, successors, associations or associates, partners, attorneys,

14  agents, representatives, and any other PERSON or entity acting or purporting to act

15  on Defendant's behalf.

16      D.    The term "INTELLECTUAL PROPERTY" shall refer to Plaintiff's

17  United States Trademark Registrations for the OTTERBOX® related marks,

18  including but not limited to, U.S. Reg. Trademark Nos. 2287619; 3791318;

19  3788535; 3788534; 3788567; 3623789; 4079672; 3963182; 3791317; 3795187;

20  4111433; 3972039; 4064940; 3632231; 4053182; 4101071; and 4116998, as well

21  as numerous pending trademarks.

22      E.    The term "PRODUCT" or "PRODUCTS" shall refer to any and all

23  form fit protective carrying cases for electronic devices, including but not limited

24  to, portable electronic listening devices and music players, namely, mp3 players,

25  and for portable computers, global positioning systems (GPS devices), mobile and

26  cellular telephones, portable media players, and personal digital assistants.

27  / / /

28  / / /

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

ADMIT that YOU are a registered eBay.com ("eBay") seller operating on the eBay website under seller ID "blutekusa."

**REQUEST FOR ADMISSION NO. 2:**

ADMIT that YOUR only eBay seller ID is "blutekusa."

**REQUEST FOR ADMISSION NO. 3:**

ADMIT that YOU have advertised PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on eBay under seller ID "blutekusa."

**REQUEST FOR ADMISSION NO. 4:**

ADMIT that YOU have offered for sale PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on eBay under seller ID "blutekusa."

**REQUEST FOR ADMISSION NO. 5:**

ADMIT that YOU have sold PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on eBay under seller ID "blutekusa."

**REQUEST FOR ADMISSION NO. 6:**

ADMIT that YOU are a registered Amazon.com ("Amazon") seller operating on the Amazon website under seller ID "BLUTEKUSA."

**REQUEST FOR ADMISSION NO. 7:**

ADMIT that YOUR only Amazon seller ID is "BLUTEKUSA."

**REQUEST FOR ADMISSION NO. 8:**

ADMIT that YOU have advertised PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on Amazon under seller ID "BLUTEKUSA."

**REQUEST FOR ADMISSION NO. 9:**

ADMIT that YOU have offered for sale PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on Amazon under seller ID "BLUTEKUSA."

///

///

**REQUEST FOR ADMISSION NO. 10:**

ADMIT that YOU have sold PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on Amazon under seller ID "BLUTEKUSA."

**REQUEST FOR ADMISSION NO. 11:**

ADMIT that YOU own the Internet website www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 12:**

ADMIT that the only Internet website YOU own is www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 13:**

ADMIT that YOU have advertised PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on YOUR Internet website www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 14:**

ADMIT that YOU have offered for sale PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on YOUR Internet website www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 15:**

ADMIT that YOU have sold PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY on YOUR Internet website www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 16:**

ADMIT that the only marketplaces in which YOU have advertised PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY is on eBay, under seller ID "blutekusa," on Amazon, under seller ID "BLUTEKUSA," and on the Internet website www.blutekusa.com.

**REQUEST FOR ADMISSION NO. 17:**

ADMIT that the only marketplace in which YOU have offered for sale PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY is on eBay, under seller ID "blutekusa," on Amazon, under seller ID "BLUTEKUSA," and on the Internet website www.blutekusa.com.

/ / /

/ / /

1  **REQUEST FOR ADMISSION NO. 18:**

2      ADMIT that the only marketplace in which YOU have sold PRODUCTS

3  bearing Plaintiff's INTELLECTUAL PROPERTY is on eBay, under seller ID

4  "blutekusa," on Amazon, under seller ID "BLUTEKUSA," and on the Internet

5  website www.blutekusa.com.

6  **REQUEST FOR ADMISSION NO. 19:**

7      ADMIT that YOU have distributed PRODUCTS bearing Plaintiff's

8  INTELLECTUAL PROPERTY.

9  **REQUEST FOR ADMISSION NO. 20:**

10      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

11  Trademark Registration No. 2287619.

12  **REQUEST FOR ADMISSION NO. 21:**

13      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

14  Trademark Registration No. 3791318.

15  **REQUEST FOR ADMISSION NO. 22:**

16      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

17  Trademark Registration No. 3788535.

18  **REQUEST FOR ADMISSION NO. 23:**

19      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

20  Trademark Registration No. 3788534.

21  **REQUEST FOR ADMISSION NO. 24:**

22      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

23  Trademark Registration No. 3788567.

24  **REQUEST FOR ADMISSION NO. 25:**

25      ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States

26  Trademark Registration No. 3623789.

27  / / /

28  / / /

**REQUEST FOR ADMISSION NO. 26:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4079672.

**REQUEST FOR ADMISSION NO. 27:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 3963182.

**REQUEST FOR ADMISSION NO. 28:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 3791317.

**REQUEST FOR ADMISSION NO. 29:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 3795187.

**REQUEST FOR ADMISSION NO. 30:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4111433.

**REQUEST FOR ADMISSION NO. 31:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 3972039.

**REQUEST FOR ADMISSION NO. 32:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4064940.

**REQUEST FOR ADMISSION NO. 33:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 3632231.

**REQUEST FOR ADMISSION NO. 34:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4053182.

///

**REQUEST FOR ADMISSION NO. 35:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4101071.

**REQUEST FOR ADMISSION NO. 36:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC owns United States Trademark Registration No. 4116998.

**REQUEST FOR ADMISSION NO. 37:**

ADMIT that Plaintiff OTTER PRODUCTS, LLC never authorized YOU to sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR ADMISSION NO. 38:**

ADMIT that YOUR only source for PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY is Windsor Distributions – Accessories, LLC.

**REQUEST FOR ADMISSION NO. 39:**

ADMIT that YOU are presently in possession of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR ADMISSION NO. 40:**

ADMIT that YOUR April 10, 2012 sale of a purported "New OEM OtterBox DEFENDER Shell Holster Combo for Iphone 4 4S 4G" on eBay evidences YOUR sale of a counterfeit PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

/ / /

/ / /

/ / /

1  **REQUEST FOR ADMISSION NO. 41:**

2      ADMIT that YOU have received negative feedback from eBay buyers in

3  relation to YOUR sale of PRODUCTS bearing Plaintiff's INTELLECTUAL

4  PROPERTY.

5

6  DATED: August 15, 2012                    JOHNSON & PHAM, LLP

7

8

9                                           By: _____

10                                          Marcus F. Chaney, Esq.
                                            Attorneys for Plaintiff
11                                          OTTER PRODUCTS, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On August 15, 2012, I served the within document(s):

### PLAINTIFF OTTER PRODUCTS, LLC'S REQUESTS FOR ADMISSION TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)

☐   FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

Bryan Mashian, Esq.
Law Offices of Bryan Mashian
A Professional Corporation
11726 San Vicente Boulevard, Suite 290
Los Angeles. California 90049

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 15, 2012, at Woodland Hills, California.

Edit Avakian

# Exhibit C

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
          E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
          E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
          E-mail: mchaney@johnsonpham.com
Ani S. Garibyan, SBN: 274846
          E-mail: agaribyan@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
OTTER PRODUCTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>          Plaintiff,<br><br>     v.<br><br>BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive,<br><br>          Defendants. | Case No.: CV12-04199 SVW (FMOx)<br><br>**PLAINTIFF OTTER PRODUCTS, LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)** |

PROPOUNDING PARTY:          Plaintiff Otter Products, LLC

RESPONDING PARTY:          Defendant Blutekusa.com, Inc.

SET NO.:          One (1)

/ / /

- 1 -

DEMAND IS HEREBY MADE, pursuant to Rule 34 of *Federal Rules of Civil Procedure*, that Defendant BLUTEKUSA.COM, INC. ("Defendant") answer the following Requests for Production of Documents within thirty (30) days of the date of the service hereof.

In answering these requests for production, Defendant must furnish all information which is available to it, or within its knowledge, as well as its attorneys, agents, employees, representatives, investigators, or experts.

If any of these requests for production cannot be answered in full, Defendant is required, to the fullest extent possible, to specify the reason for its inability to answer the remainder and state whatever information or knowledge it has concerning the unanswered portion.

## DEFINITIONS

WORDS in these requests for production are defined as follows:

A. The term "COMPLAINT" shall refer to the Complaint for damages filed by Plaintiff OTTER PRODUCTS, LLC in this action.

B. The term "PERSON" or "PERSONS" shall include individuals, sole proprietorships, corporations, partnerships, associations, estates, companies, trusts, and unincorporated organizations.

C. The term "YOU," "YOUR" or "YOURS" shall refer to Defendant BLUTEKUSA.COM, INC. as well as any of Defendant's assigns, affiliates, divisions, predecessors, successors, associations or associates, partners, attorneys, agents, representatives, and any other PERSON or entity acting or purporting to act on Defendant's behalf.

D. The term "INTELLECTUAL PROPERTY" shall refer to Plaintiff's United States Trademark Registrations for the OTTERBOX® related marks, including but not limited to, U.S. Reg. Trademark Nos. 2287619; 3791318; 3788535; 3788534; 3788567; 3623789; 4079672; 3963182; 3791317; 3795187; 4111433; 3972039; 4064940; 3632231; 4053182; 4101071; and 4116998, as well

1   as numerous pending trademarks.

2       E.    The term "PRODUCT" or "PRODUCTS" shall refer to any and all

3   form fit protective carrying cases for electronic devices, including but not limited

4   to, portable electronic listening devices and music players, namely, mp3 players,

5   and for portable computers, global positioning systems (GPS devices), mobile and

6   cellular telephones, portable media players, and personal digital assistants.

7       F.    The term "IDENTIFY," when used in reference to a "DOCUMENT,"

8   shall mean to state the following:

9           1.    The subject of the DOCUMENT;

10          2.    The title of the DOCUMENT;

11          3.    The type of DOCUMENT (*e.g.*, letter, memorandum, report,

12  chart, certificate, etc.);

13          4.    The date of the DOCUMENT, or, if the specific date thereof is

14  unknown,   the   month   or   year,   or   other   best   approximation   of

15  such date;

16          5.    The identity of the PERSON or PERSONS who wrote,

17  contributed to, prepared, or originated the DOCUMENT; and

18          6.    The present or last known location and custodian of the

19  DOCUMENT.

20      G.    When used in reference to a PERSON, "IDENTIFY" means to

21  provide that PERSON's most current and complete name, telephone number, and

22  street address, including city, state, country, and zip code, and relationship to

23  YOU.

24      H.    The term "DOCUMENT" or "DOCUMENTS" means, without

25  limitation, all forms of writing and/or recordings as defined in Rule 34 of *Federal*

26  *Rules of Civil Procedure*, and Rule 1001 of *Federal Rules of Evidence*, including,

27  but not limited to, any tangible thing of which there is any writing or recording,

28  consisting of any form of communications or representations, including letters,

1  words, pictures, numbers, sounds, symbols, or their equivalent, or any combination
2  thereof, set down by handwriting, typewriting, printing, Photostatting,
3  photographing, magnetic or electrical impulse, mechanical or electronic recording,
4  or any other form of data compilation or recording.  This also includes, but is not
5  limited to, every original, duplicate or copy, non-identical duplicate or copy, and
6  every preliminary, intermediate, and final draft of each DOCUMENT that is in the
7  actual or constructive possession, custody, or control of Defendant.  In the event
8  that there are multiple or identical duplicates or copies of a DOCUMENT, only
9  one needs to be produced, unless all duplicates or copies of the DOCUMENT are
10  specifically required to be produced.  Any duplicate of a DOCUMENT is non-
11  identical if it has any handwriting or other notations, seals or stamps, or changes,
12  of any kind, which is not contained on or in the original DOCUMENT.
13      Undefined terms of words used in these interrogatories shall be described in
14  the ordinary meaning as found in the most current edition in Webster's New World
15  Dictionary.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

18      Produce all DOCUMENTS within YOUR possession, custody or control
19  that IDENTIFY Internet websites which YOU have utilized to sell PRODUCTS
20  bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 2:**

22      Produce all DOCUMENTS within YOUR possession, custody or control
23  that IDENTIFY online marketplaces which YOU have utilized to sell PRODUCTS
24  bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 3:**

26      Produce all DOCUMENTS within YOUR possession, custody or control
27  that IDENTIFY storefronts which YOU have utilized to sell PRODUCTS bearing
28  Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS within YOUR possession, custody or control that IDENTIFY any other venues which YOU have utilized to sell PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing YOUR source(s) for PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS within YOUR possession, custody or control, including but not limited to receipts, purchase orders, invoices, cancelled checks, wire transfer records and electronically stored DOCUMENTS, evidencing YOUR purchase of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS within YOUR possession, custody or control, including but not limited to receipts, purchase orders, invoices, cancelled checks, wire transfer records and electronically stored DOCUMENTS, evidencing the dates upon which YOU ordered PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS within YOUR possession, custody or control, including but not limited to receipts, purchase orders, invoices, cancelled checks, wire transfer records and electronically stored DOCUMENTS, evidencing the dates upon which YOU received PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS within YOUR possession, custody or control, including but not limited to receipts, purchase orders, invoices, cancelled checks,

1    wire transfer records and electronically stored DOCUMENTS, evidencing YOUR

2    total price paid, in dollars, to obtain PRODUCTS bearing Plaintiff's

3    INTELLECTUAL PROPERTY.

4    **REQUEST FOR PRODUCTION NO. 10:**

5        Produce all DOCUMENTS within YOUR possession, custody or control

6    evidencing the total number of PRODUCTS purchased by YOU bearing

7    Plaintiff's INTELLECTUAL PROPERTY.

8    **REQUEST FOR PRODUCTION NO. 11:**

9        Produce all DOCUMENTS within YOUR possession, custody or control

10   evidencing the total number of PRODUCTS bearing Plaintiff's INTELLECTUAL

11   PROPERTY presently in YOUR possession, custody or control.

12   **REQUEST FOR PRODUCTION NO. 12:**

13       Produce all DOCUMENTS within YOUR possession, custody or control

14   evidencing the total number of PRODUCTS sold by YOU bearing Plaintiff's

15   INTELLECTUAL PROPERTY.

16   **REQUEST FOR PRODUCTION NO. 13:**

17       Produce all DOCUMENTS within YOUR possession, custody or control,

18   including but not limited to including receipts, purchase orders, invoices, PayPal

19   records and electronically stored DOCUMENTS, evidencing YOUR total gross

20   receipts realized from YOUR sale of PRODUCTS bearing Plaintiff's

21   INTELLECTUAL PROPERTY.

22   **REQUEST FOR PRODUCTION NO. 14:**

23       Produce all DOCUMENTS within YOUR possession, custody or control,

24   including but not limited to receipts, purchase orders, invoices, PayPal records and

25   electronically stored DOCUMENTS, evidencing YOUR total net profits realized

26   from YOUR sale of PRODUCTS bearing Plaintiff's INTELLECTUAL

27   PROPERTY.

28   / / /

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing YOUR total costs incurred in furtherance of YOUR sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing YOUR use in commerce of Plaintiff's INTELLECTUAL PROPERTY in connection with the advertisement, offering for sale, sale, and distribution of PRODUCTS.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing YOUR distribution of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all DOCUMENTS within YOUR possession, custody or control, including but not limited to receipts, purchase orders, invoices, cancelled checks, PayPal records, wire transfer records and electronically stored DOCUMENTS, evidencing the contact information for YOUR buyers of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing YOUR first date of sale of a PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS within YOUR possession, custody or control, evidencing YOUR last date of sale of a PRODUCT bearing Plaintiff's INTELLECTUAL PROPERTY.

///

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS within YOUR possession, custody or control, evidencing any correspondence between YOU and Plaintiff OTTER PRODUCTS, LLC in relation to YOUR purchase or sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS within YOUR possession, custody or control, evidencing any correspondence between YOU and Windsor Distributors - Accessories, LLC in relation to YOUR purchase or sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS within YOUR possession, custody or control, evidencing any correspondence received by YOU from a buyer in relation to YOUR sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS within YOUR possession, custody or control, evidencing any correspondence between YOU and YOUR buyers in relation to YOUR sale of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS within YOUR possession, custody or control evidencing any present use of Plaintiff's INTELLECTUAL PROPERTY by YOU.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all bank account statements held in YOUR name which have been used by YOU to facilitate the purchase of PRODUCTS bearing Plaintiff's INTELLECTUAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all bank account statements held in YOUR name which have been used by YOU to receive funds from the sale of PRODUCTS bearing Plaintiff's

1  INTELLECTUAL PROPERTY.

2  **REQUEST FOR PRODUCTION NO. 28:**

3      Produce all PayPal records evidencing YOUR sale of PRODUCTS bearing

4  Plaintiff's INTELLECTUAL PROPERTY on eBay.

5  **REQUEST FOR PRODUCTION NO. 29:**

6      Produce all records evidencing YOUR sale of PRODUCTS bearing

7  Plaintiff's INTELLECTUAL PROPERTY on Amazon.

8  **REQUEST FOR PRODUCTION NO. 30:**

9      Produce all records evidencing YOUR sale of PRODUCTS bearing

10  Plaintiff's INTELLECTUAL PROPERTY on www.blutekusa.com.

11  **REQUEST FOR PRODUCTION NO. 31:**

12      Produce all DOCUMENTS within YOUR possession, custody or control,

13  evidencing eBay.com accounts registered by YOU.

14  **REQUEST FOR PRODUCTION NO. 32:**

15      Produce all DOCUMENTS within YOUR possession, custody or control,

16  evidencing Amazon.com accounts registered by YOU.

17  **REQUEST FOR PRODUCTION NO. 33:**

18      Produce all DOCUMENTS within YOUR possession, custody or control,

19  evidencing Internet domain names registered by YOU.

20

21  DATED:  August 15, 2012          JOHNSON & PHAM, LLP

22

23

24                         By: _____

25                         Marcus F. Chaney, Esq.

                       Attorneys for Plaintiff

26                         OTTER PRODUCTS, LLC

27

28

PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)

1

**PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP

3  6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On August 15, 2012, I served the within document(s):

4

**PLAINTIFF OTTER PRODUCTS, LLC'S REQUESTS FOR**

5  **PRODUCTION OF DOCUMENTS TO DEFENDANT BLUTEKUSA.COM, INC., SET ONE (1)**

6

7    ☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached

8          Telecommunications Cover Page(s) on this date before 5:00 p.m.

9    ☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10

11   ☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

12   ☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a

13          collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

14  **Bryan Mashian, Esq.**

15  **Law Offices of Bryan Mashian**
    **A Professional Corporation**

16  **11726 San Vicente Boulevard, Suite 290**

17  **Los Angeles. California 90049**

18       I am readily familiar with the firm's practice of collection and processing

19  correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

20  ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is

21  more than one day after date of deposit for mailing in affidavit.

22       I declare under penalty of perjury under the laws of the State of California

23  that the above is true and correct.

24       Executed on August 15, 2012, at Woodland Hills, California.

25

26                                                  Edit Avakian

27

28

# Exhibit D



# JOHNSON & PHAM, LLP

September 26, 2012

***Via E-mail (bryan@mashianlaw.com) & First Class U.S. Mail***
Bryan Mashian, Esq.
11726 San Vicente Boulevard, Suite 290
Los Angeles, California 90049

   **Re:**  ***Otter Products, LLC v. Blutekusa.com, Inc., et al.***
      **CV12-04199 SVW (FMOx)**

Dear Mr. Mashian:

On August 15, 2012, Plaintiff Otter Products, LLC ("Plaintiff") served the following written discovery to Defendant Blutekusa.com, Inc. ("Defendant"): (1) Requests for Admissions (Set One); (2) Interrogatories (Set One); and (3) Requests for Production of Documents. In accordance with the *Federal Rules of Civil Procedure ("Fed.R.Civ.P.")*, Defendant's responses to Plaintiff's discovery were due by September 17, 2012. To date, we have not received any responses from Defendant.

Please note that *Fed.R.Civ.P.* 36(a)(3), governing Requests for Admissions mandates that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, through Defendant's lack of response, and in accordance with Federal Rules, the requisite Requests for Admissions served on Defendant are now deemed admitted in their entirety.

Moreover, Defendant has failed in providing responses to Plaintiff's Interrogatories and Requests for Production of Documents. Thus, we request that Defendant provide its responses no later than **5:00 p.m., October 1, 2012**; otherwise, we will have no choice but to file a motion to compel and seek appropriate sanctions.

We assure you that we prefer to resolve this informally, to the extent possible. *Local Rule* 37-1 mandates that prior to the filing of any motion relating to discovery pursuant to *Fed.R.Civ.P.* 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. Therefore, we invite you to engage in the requisite *in-person* conference of counsel at our offices. We are available on the following dates: 10/3/12, 10/4/12, 10/5/12 to meet with you. Please contact our office so that we may set an appointment.

If you have any questions with regard to the foregoing, please feel free to contact our office.

Yours truly,

**JOHNSON & PHAM, LLP**

Ani S. Garibyan, Esq.
Attorneys for Otter Products, LLC

# Otter Products, LLC v. Blutekusa.com, Inc. (CV12-04199 SVO (FMOx)

Ani Garibyan

**Sent:**      Wednesday, September 26, 2012 4:57 PM
**To:**        bryan@mashianlaw.com
**Cc:**        Christopher Pham
**Attachments:**09.26.12_ASG-Mashian.pdf (414 KB)

Mr. Mashian,

Please see the attached correspondence. A hard copy will follow via First Class US Mail.

Regards,

**Ani S. Garibyan, Esq.**

**JOHNSON & PHAM, LLP**
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
**Tel:** 818.888.7540
**Fax:** 818.888.7544
agaribyan@johnsonpham.com
www.johnsonpham.com

*****************************************************************************************

This message and attachments are intended only for the addressee(s) and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I did not intend to waive and does not waive any privileges or the confidentiality of the messages and attachments, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by e-mail at agaribyan@johnsonpham.com or by telephone at (818) 888-7540 and delete the message and attachments from your computer and network. Thank you for your professional courtesy and cooperation.

# Exhibit E

## RE: Otter Products, LLC v. Blutekusa.com, Inc. (CV12-04199 SVO (FMOx)

**Christopher Pham**
**Sent:** Thursday, September 27, 2012 10:46 AM
**To:** Bryan Mashian [bryan@mashianlaw.com]; Ani Garibyan

You were at the scheduling hearing with Ani when the Court stated that he will not continue any dates and that the parties needed to complete discovery as soon as possible. I need your discovery to file a motion for summary judgment or to prepare for trial. If you can get me COMPLETE AND SUBSTANTIVE responses and documents by Monday, I will compromise in the spirit of cooperation. Otherwise, Plaintiff will take appropriate measures to prosecute this matter to the fullest extent.

Christopher Q. Pham

## Johnson & Pham, LLP
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
(818) 888-7540
www.johnsonpham.com
**********************************************************************************

This message and attachments are intended only for the addressee(s) and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I did not intend to waive and does not waive any privileges or the confidentiality of the messages and attachments, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by e-mail at cpham@johnsonpham.com or by telephone at (818) 888-7540 and delete the message and attachments from your computer and network. Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message (including any attachment) contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein. Thank you for your professional courtesy and cooperation.

# Exhibit F

## RE: Otter Products, LLC v. Blutekusa.com, Inc.; CV12-04199 SVW (FMOx)

**Christopher Pham**
**Sent:** Monday, October 01, 2012 11:48 AM
**To:** Bryan Mashian [bryan@mashianlaw.com]; Ani Garibyan
**Cc:** andrewkastein@aol.com; ron@blutekusa.com

Again, my client will never indemnify your client. Ani is provide you with our responses to your numerous revisions. However, in light of some of your unreasonable and multiple revisions to the straight forward settlement agreement, Defendant is granted only a limited extension of time on written discovery. I am not optimistic that a settlement can be reached in this matter.

Unless the settlement is agreed to in full and executed by your client by this coming Friday, at 5:00 P.M., October 5, 2012, please provide my office with full, complete, and substantive discovery responses, with verifications, by no later than 5:00 P.M. on Tuesday, October 9, 2012. Thank you.

Christopher Q. Pham

## Johnson & Pham, LLP
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
(818) 888-7540
www.johnsonpham.com
********************************************************************************
This message and attachments are intended only for the addressee(s) and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I did not intend to waive and does not waive any privileges or the confidentiality of the messages and attachments, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by e-mail at cpham@johnsonpham.com or by telephone at (818) 888-7540 and delete the message and attachments from your computer and network. Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message (including any attachment) contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein. Thank you for your professional courtesy and cooperation.

---

**From:** Bryan Mashian [bryan@mashianlaw.com]
**Sent:** Monday, October 01, 2012 11:26 AM
**To:** Christopher Pham; Ani Garibyan
**Cc:** andrewkastein@aol.com; ron@blutekusa.com; Bryan Mashian
**Subject:** RE: Otter Products, LLC v. Blutekusa.com, Inc.; CV12-04199 SVW (FMOx)

What is the status of completing this settlement? Also, I understand that we have an extension to respond to the discovery, in the unlikely event these responses should become necessary. Please confirm. Thanks.

**Bryan Mashian**
Law Offices of Bryan Mashian
A professional corporation
11726 San Vicente Boulevard, Suite 290
Los Angeles, California 90049

Tel: (310) 207-1464
Fax: (310) 207-1466

**From:** Bryan Mashian
**Sent:** Thursday, September 27, 2012 4:53 PM
**To:** Christopher Pham; Ani Garibyan
**Cc:** andrewkastein@aol.com; ron@blutekusa.com; Bryan Mashian
**Subject:** RE: Otter Products, LLC v. Blutekusa.com, Inc.; CV12-04199 SVW (FMOx)

I will discuss your position with my client and let you know what they decide about this item. Let's address the rest of the issues and comments in the meantime.

*Bryan Mashian*
Law Offices of Bryan Mashian
A professional corporation
11726 San Vicente Boulevard, Suite 290
Los Angeles, California 90049
Tel: (310) 207-1464
Fax: (310) 207-1466

**From:** Christopher Pham [mailto:cpham@johnsonpham.com]
**Sent:** Thursday, September 27, 2012 3:54 PM
**To:** Bryan Mashian; Ani Garibyan
**Cc:** andrewkastein@aol.com; ron@blutekusa.com
**Subject:** RE: Otter Products, LLC v. Blutekusa.com, Inc.; CV12-04199 SVW (FMOx)

I will not waste my time reviewing any document if your client remains insistent on any indemnity obligations from Otter Products. Your client bought, marketed, and sold counterfeit products. It was his risk and his costs of doing business. My client has no duty or legal obligation to share in this risk. Otter Products is simply enforcing its intellectual property rights in this matter.

Moreover, what possible claim could Windsor have against your client when they are the one who sold counterfeit products to your client? If your client is truthful about this fact, he should have no concern about being protected from Windsor. Indeed, as we discussed, he should be the one suing Windsor.

The indemnity provision is a deal breaker. There is nothing further to discuss about this issue.

Christopher Q. Pham

Johnson & Pham, LLP
6355 Topanga Canyon Blvd., Suite 326

# Exhibit G

**Otter v. Blutekusa**

Christopher Pham
**Sent:** Tuesday, November 06, 2012 10:44 AM
**To:**   bryan@mashianlaw.com
**Cc:**   Ani Garibyan

Bryan,

As your client has failed to provide any of the written discovery responses that is long overdue, Plaintiff will be filing its motion to compel today seeking to strike Defendant's answer. and for attorney's fees and costs.  Also, as you have failed to provide any depositions dates for Mr. Kastian and the 30(b)(6) witness, Plaintiff will serve you with the requisite amended notice based on our availability.  Thank you.


Christopher Q. Pham

Johnson & Pham, LLP

6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
(818) 888-7540
www.johnsonpham.com
****************************************************************************************
This message and attachments are intended only for the addressee(s) and may contain information that is privileged and confidential.  If the reader of the message is not the intended recipient or an  authorized representative of the intended recipient, I did not intend to waive and does not waive any privileges or the  confidentiality of the messages and attachments, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by e-mail at cpham@johnsonpham.com  or by telephone at (818) 888-7540 and delete the message  and attachments from your computer and network.  Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message (including any attachment) contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.Thank you for your professional courtesy and cooperation.

1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

13

**CENTRAL DISTRICT OF CALIFORNIA**

14
15

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | Case No.: CV12-04199 SVW (FMOx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **[PROPOSED] ORDER** |
| BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive, | |
| Defendants. | |

16
17
18
19
20
21
22
23

**[PROPOSED] ORDER**

24
25
26
27

On _____, 2012, Plaintiff OTTER PRODUCTS, LLC's ("Plaintiff") Motion To Compel Defendant BLUTEKUSA.COM, INC.'s ("Defendant") Compliance with Discovery came on regularly for hearing. Plaintiff's motion is GRANTED, and the Court hereby orders:

28

1. Defendant is to provide responses to Plaintiff's Interrogatories, Set One,

1    with no objection, within five (5) days of entry of this Order.

2       2. Defendant is to provide responses and responsive documents to

3         Plaintiff's Requests for Production of Documents, Set One, with no

4         objection, within five (5) days of entry of this Order.

5       3. Plaintiff's Requests for Admissions, Set One, are deemed admitted by

6         Defendant in its entirety.

7       4. Defendant is to pay sanctions in the amount of $_____.00 to Plaintiff by

8         no later than five (5) days of entry of this Order.

9    **IT IS SO ORDERED.**

10

11   Dated: _____        By:_____

12                                     Hon. Fernando M. Olguin

13                                     U.S. District Court Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28