1
2
3
4
# UNITED STATES DISTRICT COURT
5
## CENTRAL DISTRICT OF CALIFORNIA
6
7
8  OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,

   Plaintiff,

   v.

   BLUTEKUSA.COM, INC., a New York Corporation; and DOES 1-10, Inclusive,

   Defendants.

Case No.: CV12-04199 SVW (FMOx)

**PERMANENT INJUNCTION ORDER AGAINST DEFENDANT BLUTEKUSA.COM, INC.**

Complaint Filed: May 14, 2012

1    Having reviewed the Stipulation to Issuance of Permanent Injunction entered
2 into between Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendant
3 BLUTEKUSA.COM, INC. ("Defendant"), and good cause appearing, the Court
4 hereby finds as follows:

5    a.   WHEREAS Plaintiff is the owner of numerous trademarks
6 which it uses in connection with the manufacture, distribution, sale and promotion
7 of a wide range of products, including high-quality protective cases, peripherals
8 and accessories for portable electronic devices and computers. Plaintiff owns all
9 rights in and to a family of federally registered trademarks which include the
10 following, among others (collectively, "Plaintiff's Registered Marks"):

| **Trademark** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |

[DESIGN MARK]          4116998          March 27, 2012

2. WHEREAS Plaintiff also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of Plaintiff's pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

3. WHEREAS on May 14, 2012, Plaintiff filed its Complaint in this Civil Action No. CV12-04199 SVW (FMOx) against Defendant, alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Defendant's alleged current and prospective infringement and dilution of the Plaintiff's Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. WHEREAS Plaintiff served the summons and Complaint on Defendant on May 24, 2012. Defendant filed an answer and denied all accusations.

5. WHEREAS Defendant has sold no less than no less than 1,800 units of allegedly counterfeit OTTERBOX® products on eBay.com, seller ID "blutekusa".

6. WHEREAS after reviewing the papers and evidentiary support provided to Defendant, Defendant has agreed to stipulate to the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

7. WHEREAS Defendant admits that, without Plaintiff's knowledge or consent and based on information provided to Defendant by Plaintiff, it unknowingly purchased and sold in interstate commerce counterfeit and non-genuine products which displayed, infringed, and diluted Plaintiff's Marks.

8. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction, provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that Defendant may offer proof in defense of Plaintiff's claims for damages.9. WHEREAS the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT Defendant and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Mark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

1     c.     The unauthorized use, in any manner whatsoever, of any Plaintiff's
2  trademark, trade name and/or trade dress including, but not limited to, the
3  Plaintiff's Marks at issue in this action, any variants, colorable imitations,
4  translations and/or simulations thereof and/or any items that are confusingly
5  similar thereto, including specifically:

6          i.     on or in conjunction with any product or service; and

7          ii.    on or in conjunction with any advertising, promotional
8                 materials, labels, hangtags, packaging, or containers.

9     d.    The use of any trademark, trade name, or trade dress that falsely
10 represents, or is likely to confuse, mislead or deceive purchasers, customers, or
11 members of the public to believe that unauthorized product imported, exported,
12 manufactured, reproduced, distributed, assembled, acquired, purchased, offered,
13 sold, transferred, brokered, consigned, distributed, stored, shipped, marketed,
14 advertised and/or promoted by Defendant originates from Plaintiff, or that said
15 merchandise has been sponsored, approved, licensed by, or associated with
16 Plaintiff or is, in some way, connected or affiliated with Plaintiff.

17    e.    Engaging in any conduct that falsely represents that, or is likely to
18 confuse, mislead, or deceive purchasers, customers, or members of the public to
19 believe that Defendant itself is connected with, or is in some way sponsored by or
20 affiliated with Plaintiff, purchases product from or otherwise has a business
21 relationship with Plaintiff.

22    f.    Affixing, applying, annexing, or using in connection with the
23 manufacture, distribution, advertising, sale, and/or offering for sale or other use of
24 any goods, a false description or representation, including words or symbols,
25 tending to falsely describe or represent such goods as being those of Plaintiff.

26    g.    Hiding, disposing of, destroying, moving, relocating or transferring
27 any and all products, advertising, promotional materials, labels, hangtags,
28 packaging or containers bearing any of Plaintiff's Marks; and/or

1  h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

10. This Permanent Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

11. The Court finds there is no just reason for delay in entering this Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

IT IS SO ORDERED.

DATED: November 30, 2012    _____
                             Hon. Stephen V. Wilson
                             United States District Court Judge